UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | CASE NO: 1:06 CR 0416 |
| Plaintiff | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | MEMORANDUM OPINION |
| LESEAN ROBERTS, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Lesean Roberts' Motion for New Trial Based on Newly Discovered Evidence. For the reasons set forth below, the Defendant's Motion for New Trial is DENIED.

## PROCEDURAL HISTORY

In March of 2007, Defendant Roberts was convicted by a jury of one count of distributing 50 grams of cocaine base (crack) in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(iii), and 18 U.S.C. §2; and, one count of possessing with intent to distribute approximately 20 grams of cocaine base (crack); and, approximately 196 grams of cocaine hydrochloride (power cocaine) in violation of 21 U.S.C. §841(a)(1), (b)(1), and (b)(1)(B)(iii). (ECF #82). The Court sentenced Defendant Roberts to life imprisonment on Count 1 and ten years on Count 2, to run concurrent. (ECF #82). The Court of Appeals for the Sixth Circuit affirmed Defendant Roberts' conviction and the Supreme Court denied certiorari. (ECF #106, 115). Defendant Roberts now seeks a new trial pursuant to Federal Rule of Criminal Procedure 33(a).

## FACTS[1]

Defendant Roberts contends that he is entitled to a new trial because a material government witness, Michael Tucker, testified falsely that Defendant Roberts supplied him with crack cocaine on July 27, 2006.[2] Barbara Brown's affidavit states that after trial, Tucker told her he had testified falsely about receiving crack cocaine from Defendant Roberts. (Brown Aff., ECF #128-5).

On July 27, 2006, West-Side Sean[3], a customer of Tucker's, ordered 4 ½ ounces of crack cocaine. West-Side Sean was cooperating with law enforcement officials who recorded his conversation with Tucker. According to Tucker, he called Defendant Roberts to obtain the cocaine for West-Side Sean. Police arrested Tucker later that night. Tucker, cooperating with police, arranged another drug deal with Defendant Roberts for the following day. Law enforcement officials set up surveillance and arrested Defendant Roberts after he arrived to deliver drugs to Tucker. Officers found 15.54 grams of crack cocaine and 187.12 grams of powder cocaine in Defendant Roberts' car.

At trial, Tucker testified that he received the cocaine from Defendant Roberts in the form of crack. On cross-examination, Defendant Roberts' counsel challenged Tucker about who had cooked the cocaine. Tucker responded that Defendant Roberts did. (Tr. tr. Pg. 193, lines 22-24).

---

[1] The facts in this section have been taken from Defendant Roberts' brief. Any disputed facts are stated most favorably for the Defendant.

[2] Defendant Roberts does not specify whether he contends that he did not supply Tucker with cocaine in any form on July 27, 2006, or whether he contends that he did not supply it in the form of crack.

[3] At trial, Sean's last name was not disclosed. To distinguish him from Defendant Roberts, the attorneys referred to Tucker's customer as "West-Side Sean."

2

When questioned how Defendant Roberts had time to cook the cocaine that night, Tucker responded that he could not speculate; all he knew was that the cocaine was already cooked. (Tr. tr. Pg. 244, lines 11-15).

## LEGAL STANDARD

Federal Rule of Criminal Procedure 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." In a motion for a new trial based on newly discovered evidence the defendant must show that the evidence:

> (1) was discovered only after trial; (2) could not have been discovered earlier with due diligence; (3) is material and not merely cumulative or impeaching; and (4) would likely produce an acquittal if the case were retried.

*United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982) (citing *United States v. Hedman*, 655F.2d 813, 814 (7th Cir. 1981); *See also, United States v. Garner*, 529 F.2d 962, 969 (6th Cir 1976)). "In applying [the *Barlow*] four-part test. . . motions for a new trial based on newly discovered evidence are disfavored and should be granted with caution." *United States v. Glover*, 21 F.3d 133, 138 (6th Cir. 1994). "The granting or refusing of a motion for a new trial upon newly discovered evidence rests in the sound discretion of the court." *Winer v. United States*, 228 F.2d 944, 952 (6th Cir. Tenn. 1956).

A court may order a new trial if newly discovered evidence shows that the Government's case included false testimony, and the Government knew or should have known of the falsehood. If a new trial request is based on the allegation that the Government presented false testimony, the defendant must show that there is a "reasonable likelihood that the false testimony would have affected the judgment of the jury." *United States v. Stoddard*, 875 F.2d 1233, 1237 (6th Cir.

3

1989) (quoting *United States v. Antone,* 603 F.2d 566, 569 (5th Cir. 1979)).

## ANALYSIS

Defendant Roberts presents the following "newly discovered" evidence:

(1) An Affidavit by Barbara Brown stating that Tucker admitted he testified falsely about Defendant Roberts delivering crack cocaine to him on July 27, 2006, (Brown Aff., ECF # 128-5);

(2) same Affidavit by Brown stating she told FBI agents, in summer 2007, that Tucker had testified falsely, (Brown Aff., ECF #128-5);

(3) proffer by Tiffiney Cleveland stating that Defendant Roberts had not given crack cocaine to Tucker, (Cleveland Proffer, ECF #133-3);

(4) discovery that Tucker's girlfriend and sons were present when Tucker prepared the crack, and could establish that Roberts had not distributed crack cocaine; and

(5) discovery that the Government knowingly presented perjured testimony.

Defendant Roberts has failed to demonstrate that either the evidence is newly discovered or could not have been discovered earlier by the exercise of due diligence. In addition, the evidence that could possibly qualify as newly discovered evidence is not material, but merely cumulative or impeaching, and none of the proffered evidence would produce an acquittal if the motion was granted.

4

## A. Barbara Brown's Affidavit is Merely Cumulative and Impeaching and Does Not Warrant a New Trial.

Barbara Brown's affidavit goes only to impeachment and credibility of Tucker's testimony and thus, as a matter of law, is insufficient to warrant a new trial. In addition, the evidence is cumulative because the defense already questioned Tucker's credibility on cross-examination, and the jury still found the defendant guilty. "It is well settled that evidence discrediting a witness's testimony but not directly contradicting the government's case, cannot be the basis for granting a new trial." *United States v. Lewis,* 1991 U.S. App. LEXIS 5477, at *14 (6th Cir. March 29. 1991). *See also, United States v. Yang,* 74 F. Supp. 2d 724, 732 ("The Sixth Circuit has held that where there is substantial evidence of guilt presented at trial, it is not likely that further discrediting of [the witness] would produce an acquittal if the case was retried."); *Casey v. United States,* 20 F.2d 752, 754 (9th Cir. Wash. 1927) ("[N]ew trial based on affidavits which tend to show [the witness] was untruthful in some of the testimony. Generally . . . new trials upon this ground are not favored.")

Even if Defendant Roberts did deliver powder cocaine, not crack cocaine, to Tucker on July 27, 2006, this would not likely produce an acquittal if the case was retried. Defendant Roberts would still be guilty as an accomplice because he aided Tucker's distribution of crack cocaine to West-Side Sean. 18 U.S.C. §2 states, "whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a *principal.*" *18 U.S.C. §2* (emphasis added). "The applicable standard on aiding and abetting is . . . that the defendant . . . associate himself with the venture, that [his] participat[ion] in it [is] something that he wishes to bring about, [and] that he seek by his action

5

to make it succeed." *United States v. Bryant,* 471 F.2d 912, 919 (6th Cir. 1972). Evidence supports that Defendant Roberts knew Tucker planned to distribute the cocaine as crack. (Government Exhibit 18A, Pg. 3, ECF #133-8)[4] (Government Exhibit 22A, Pgs. 3-8, ECF #133-9).[5] Defendant Roberts would be punished as principal, receiving the same sentence. Therefore, the "newly discovered" evidence would not likely produce an acquittal.

### B. The Discovery That Tiffiney Cleveland Could Testify is Not Newly Discovered Evidence.

During a proffer agreement on January 7, 2009, Tiffiney Cleveland stated that Defendant Roberts delivered cocaine, not crack cocaine, to Tucker on the night of July 27, 2006. (Cleveland Proffer, ECF # 133-3). Cleveland's ability to testify is not "newly discovered" evidence according to Rule 33. If Cleveland had first hand knowledge about July 27, 2006, she had that knowledge at the time of trial. Defendant Roberts' defense team could have called Cleveland as a witness[6], yet they did not. Therefore, her proffer is not sufficient to justify a new trial.[7]

---

[4]Defendant Roberts was taped discussing the July 27, 2006, transaction with Tucker. "Roberts: Boo, I did leave. Tiffiney Cleveland: You ain't go see [Tucker] though? Roberts: Yeah, I did . . . [Tucker] was at home when I seen him. I went to his house . . . so actually, [Tucker] wasn't able to get with [West-Side Sean] until [Tucker] got with me, that I know of."

[5]Defendant Roberts and Tucker discussed the payment for July 27, 2006, deal and arranged purchase of nine more ounces. "Roberts: You got [$3000] from . . . yesterday . . . What about the dude that wants the track [crack cocaine]. What about his money? How quick you gonna get that from him? Tucker: I'm gonna get that right away."

[6]Cleveland is Defendant Roberts' wife. According to Defendant's brief, Cleveland was present at trial. (Roberts Br., Pg. 15, ECF #137). "Cleveland, whom was seated in the trial gallery . . ."

[7]Even if Cleveland did testify, her statement in the proffer supports convicting Defendant Roberts as an accomplice pursuant to 18 U.S.C. §2. Cleveland admits that Defendant Roberts had knowledge of Tucker's intention to cook the cocaine.(Cleveland Proffer, ECF #133-3). Therefore, this "new evidence" would not produce an acquittal.

## C. The Discovery That Tucker's Girlfriend and Sons Could Testify is Not Newly Discovered Evidence.

Defendant Roberts contends that Tucker's girlfriend and sons could testify that Defendant Roberts had not distributed crack cocaine to Tucker on July 27, 2006. However, this evidence is not "newly discovered" and does not justify a new trial. Defense knew from discovery and from Tucker's testimony that Tucker's sons were in the house the night Defendant Roberts delivered cocaine to Tucker. Defendant Roberts' defense team could have obtained statements from Tucker's girlfriend and sons with due diligence.

## D. Defendant Roberts Has Failed to Prove That the Government Used Knowingly False Testimony.

Claims of false testimony must establish, "that the Government's case included false testimony and the prosecution knew or should have known of the falsehood." *United States v. Stoddard*, 875 F.2d 1233, 1237 (6th Cir. 1989) (quoting *United States v. Antone*, 603 F.2d 566, 569 (5th Cir. 1979).The defendant must show:

> "that the statement was false, the statement was material[8], and the prosecution knew it was false."

*United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir. 1986) (quoting *United States v. Chagra*, 735 F. 2d 870, 874 (5th Cir. 1984)). Defendant Roberts contends that the Government knew or should have known of Tucker's false testimony because Tucker made conflicting statements in proffer testimony, trial testimony, and a telephone conversation.

Conflicting statements were made in Tucker's proffer testimony and trial testimony. The

---

[8]Material is defined as, "a highly significant factor reasonably likely to have affected the judgment of the jury." *United States v. Chagra*, 735 F.2d 870, 874 (5th Cir. 1984). As set forth above, the alleged false statements were not material because Defendant Roberts would have been equally liable as an aider and abettor even if the cocaine was in powder form when he delivered it.

7

statements concerned: (1) whether Tanisha Stewart and Tiffiney Cleveland were social acquaintances, (Tucker Proffer, Pg. 2, ¶ 4, Tr. tr. Pgs. 161-163); (2) who contacted Tucker about a meeting in 2004, *Id.*; (3) whether Defendant Roberts used a residence he owned for cocaine deals, (Tucker Proffer, Pgs. 3-4, ¶ 9, Tr. tr. Pgs. 206-207); and (4) whether Tucker knew Tiffiney Cleveland. ( Tucker Proffer, Pg. 3, ¶ 7, Tr. tr. Pgs.161-163). These statements are not material and concern extraneous issues that have nothing to do with the charges that led to Defendant Roberts' trial. Therefore, the statements likely would not have affected the judgment of the jury and do not warrant a new trial.

Tucker made statements about who cooked the cocaine during a recorded telephone conversation with West-Side Sean on July 27, 2006. Tucker stated, "I gotta . . . bang it [cook the cocaine] for him to make sure everything tight."(Call Tucker to Cl., Pg. 5, ECF #128-2). At trial, Tucker was asked what he meant by this, "I was delaying it, just telling [West-Side Sean] I would have to prepare the drug for him. I was trying to buy time." (Tr. tr. Pg. 193, lines 7-10). Tucker was asked whether he or Defendant Roberts cooked the cocaine that night. Tucker testified that Defendant Roberts did. (Tr. tr. Pg. 193, lines 22-24). There was no evidence to the contrary, and no indication that the Government knew or should have known the testimony was false. At trial, Defendant Roberts' defense team had the opportunity to challenge Tucker about who cooked the cocaine, but instead presented an alibi defense. A new trial is not an opportunity for the defense to try a new trial strategy. Therefore, these statements do not warrant a new trial.

Tucker made a potentially conflicting statement about who cooked the cocaine. As stated, Tucker testified that Defendant Roberts had cooked the cocaine on July 27, 2006. (Tr. tr. Pg. 193, lines 22-24). However, when questioned further Tucker recanted and said he was not sure who

8

cooked the cocaine that "[he] just kn[ew] it was already cooked." (Tr. tr. Pg. 244, lines 11-15). Although Tucker did not have knowledge of whether Defendant Roberts or someone else cooked the cocaine, this discrepancy in Tucker's testimony is not material. Tucker consistently testified that he did not cook the cocaine and received it from Defendant Roberts in the form of crack. Therefore, these statements do not warrant a new trial.

Defendant Roberts also contends that since Tucker admitted cooking the crack 75% of the time he dealt with Defendant Roberts, (Tr. tr. Pgs. 166-67, lines 24-27), that the Government should have known that Tucker was lying when he testified that Defendant Roberts cooked the cocaine on July 27, 2006. (Tr. tr. Pg. 193, lines 22-24). However, this does not prove that the Government knew or should have known Tucker's testimony was false. Tucker's testimony that Defendant Roberts cooked the cocaine on July 27, 2006, is entirely credible because, according to Tucker, Defendant Roberts cooked the cocaine 25% of the time. Therefore, these statements do not conflict and do not warrant a new trial.

Finally, Tucker did not allegedly recant to Barbara Brown until after Defendant Roberts' trial. (Brown Aff., ECF # 128-5). According to Defendant Roberts' brief, "Brown informed government agents the summer of 2007 [after Roberts' trial] of Tucker's admission to her." (Roberts Br., Pg. 7, ECF # 128). Thus, Defendant Roberts cannot demonstrate that the Government knowingly produced perjured testimony when Tucker's alleged recantation did not occur until after Roberts' trial was complete.

## CONCLUSION

For all the reasons set forth above, the Defendant's Motion for New Trial Based on Newly Discovered Evidence is hereby DENIED. IT IS SO ORDERED.

9

                                                                                 */s/ Donald C. Nugent*  
                                                                                 DONALD C. NUGENT  
                                                                                 United States District Judge

DATED: *June 15, 2010*