IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LESEAN ROBERTS,** | ) | **CASE NO. 1:06 CR 416** |
| Petitioner, | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket #148 in Case No. 1:06 CR 416.) For the reasons set forth below, Petitioner's Motion is DENIED.

**Factual and Procedural Background**

On August 29, 2006, the United States filed an indictment charging Petitioner with two drug offenses. Count 1 charged Petitioner and Co-Defendant Michael Tucker with distributing 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2. Count 2 charged Petitioner alone with possessing with intent to distribute approximately 20 grams or more of cocaine base ("crack") and approximately 196 grams of cocaine hydrochloride (powder cocaine) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

Before trial, the United States filed an Information, pursuant to 21 U.S.C. § 851, notifying Petitioner of its intent to seek a statutorily enhanced sentence under 21 U.S.C. § 841(b)(1)(A) and

(B). Trial began on March 12, 2007. On March 14, 2007, the jury returned a guilty verdict on both Count 1 and Count 2. The Court, on May 24, 2007, sentenced Petitioner to life imprisonment on Count 1 and to a term of ten years on Count 2, the sentences to run concurrently.

On May 31, 2007, Petitioner filed a Notice of Appeal. (Docket #83.) On November 20, 2008, the United States Court of Appeals for the Sixth Circuit issued a mandate affirming the Judgment of the District Court. (Docket #102.) On August 28, 2009, Petitioner filed a Petition for a Writ of Certiorari with the United States Supreme Court (Docket #114), which was denied on October 13, 2009. (Docket #115.) Petitioner then filed a Motion for a New Trial on March 1, 2010 (Docket #128), which was denied on June 15, 2010. (Docket #139.)

On October 22, 2010, Petitioner filed this Motion to Vacate and his Memorandum in Support, *pro se*, challenging his conviction and sentence. (Docket #148.) Petitioner sets forth the following Claims for Relief:

1. (A) Court did not meet minimum requirements of procedural reasonableness under § 3553(a) and, (B) appellate counsel was ineffective for failing to raise the issue on appeal;
2. Court ignored request for consideration based on proposed amendments regarding 100:1 disparity between crack and powder cocaine;
3. His Fourth Amendment rights were violated when police searched his vehicle without a warrant;
4. The Fair Sentencing Act of 2010 should be applied retroactively to Petitioner's sentence;
5. His trial counsel was ineffective during cross-examination of Co-Defendant Tucker;
6. His trial counsel was ineffective for failing to file a pretrial motion to dismiss Count 2 of the indictment and for failure to object to jury instructions on Count 2;
7. His trial counsel was ineffective during cross-examination of Special Agent Harper;
8. His trial counsel was ineffective when counsel failed to review and perfect discovery and failed to file a motion to suppress jail recordings of Petitioner and his wife;
9. His trial counsel was ineffective for failing to present and challenge jurisdictional violations of the arresting officers and for failing to suppress evidence seized by those officers; and,

      10. His appellate counsel was ineffective for failing to file a reply brief rasing the two inconsistent suppression hearing transcripts and for operating under a conflict of interest.

On March 1, 2011, the Government filed its Brief in Opposition to Motion to Vacate. (Docket #163.) The Government asserts that Petitioner has not demonstrated ineffective assistance of counsel because he has not established that his attorney's performance was both deficient and prejudiced his defense; that any sentencing errors are harmless due to the mandatory sentence; that the search of Petitioner's vehicle was valid; that the Fair Sentencing Act is not retroactive; and, that the record does not support the merits of Petitioner's claims. On March 14, 2011, Petitioner filed his Reply to Government's Brief in Opposition. (Docket #166.) On January, 18, 2011, Petitioner filed a Request for Discovery (Docket #154) which was denied on January 21, 2011. (Docket #155.) On January 18, 2011, Petitioner also filed a Motion to Amend his Petition (#153), which was denied on February 10, 2011. (Docket #156.)[1]

## Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

---

[1] Petitioner appealed the denial of his request for discovery (Docket #157) and denial of his Motion to Amend. (Docket #160.) On May 25, 2011 the United States Court of Appeal for the Sixth Circuit denied Petitioner's appeals. (Docket #171.)

## I. Sentencing

Petitioner asserts the Court should reconsider his sentence for two reasons. First, in Part A of his First Claim for Relief, Petitioner contends that the Court failed to meet procedural reasonableness requirements – specifically, that the Court did not give counsel an opportunity to argue for a particular sentence; did not consider the § 3553(a) factors; and, did not adequately explain the basis for his sentence. In his Second Claim for Relief, Petitioner asserts that at sentencing the Court wrongfully ignored his request that the Court consider the proposed amendments regarding the 100:1 disparity between crack and powder cocaine.

Petitioner's Claims for Relief challenging sentencing in this case are without merit. The statutory sentencing factors of § 3553(a) "do not apply to congressionally mandated sentences," *United States v. Franklin*, 499 F.3d 578, 585 (6th Cir. 2007), and, retroactive amendments "cannot override any mandatory statutory minimum sentences set forth by Congress." *United States v. Green*, 532 F.3d 538, 546 FN8 (6th Cir. 2008). Petitioner's sentence of life imprisonment is the statutory mandatory minimum sentence established by 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and 851. Therefore, the sentencing factors of § 3553(a), and any consideration given for the proposed amendments regarding the 100:1 disparity, could not affect sentencing in this case. Furthermore, because Petitioner "was subject to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A), and because the district court was bound to impose the mandatory life sentence... any sentencing error would be harmless, as [Petitioner] cannot receive a sentence lower than the statutory minimum." *United States v. Roberts*, 316 Fed.Appx. 388, 393 (6th Cir. 2008) (quoting *United States v. Wheeler*, 535 F.3d 446, 458 (6th Cir. 2008)). Accordingly, Part A of Petitioner's First Claim for Relief and Petitioner's Second Claim for Relief are without merit.

4

## II. Search Of Petitioner's Automobile

In his Third Claim for Relief, Petitioner asserts that the search of his vehicle was unconstitutional. Petitioner raised this issue on direct appeal and relief was denied. *See United States v. Roberts*, 316 Fed.Appx. 388, 391 (6th Cir. 2008). First, having already litigated this issue on direct appeal, he cannot raise the issue anew in a § 2255 petition. *Withrow v. Williams*, 507 U.S. 680, 720-21 (1993). Further, even if not otherwise barred from raising this claim, Petitioner's reliance *Arizona v. Grant*, 129 S.Ct. 1710 (2009), is misplaced. In *Grant*, the United States Supreme Court held that a search incident to arrest exception cannot legitimize a warrantless search in the absence of a need to protect officers and safeguard evidence. *Id.* At 1719. In this case, the warrantless search of the vehicle was conducted pursuant to the automobile exception, not the search incident to arrest exception. *See United States v. Roberts*, 316 Fed.Appx. 388, 391 (6th Cir. 2008) (finding that the "police, to start, had probable cause to believe that Roberts was transporting drugs" and "an officer's warrantless search of a vehicle does not violate the Fourth Amendment if the officer has probable cause to believe that a vehicle contains contraband"). Therefore, Petitioner's Third Claim for Relief is without merit.

## III. Fair Sentencing Act of 2010

In his Fourth Claim for Relief, Petitioner seeks to retroactively apply the Fair Sentencing Act of 2010 ("the FSA") (Pub.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010)) to his sentence. However, the FSA is not retroactive and applies only to offense conduct that occurred after its enactment. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) (finding the Act "contains no express statement that it is retroactive" and no inference can be made from its plain language, therefore, "we must apply the penalty provision in place at the time" the offense was committed). *See also, United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010), *United States v.*

5

*Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010), *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), and *United States v. Brewer*, 624 F.3d 900, 909 FN7 (8th Cir. 2010). Furthermore, 1 U.S.C. § 109 provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

Therefore, there is no basis for Petitioner to challenge his sentence on the basis of the FSA. Accordingly, Petitioner's Fourth Claim for Relief is without merit.

### IV. Ineffective Assistance of Trial and Appellate Counsel

Petitioner raises numerous claims of ineffective assistance of counsel relative to both his trial and appeal. Specifically, Petitioner alleges ineffective assistance in Part B of his First Claim for Relief and in his Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Claims for Relief. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* At 689. These standards outlined in *Strickland*, apply to claims of ineffective assistance of both appellate and trial counsel. *Lewis v. United States*, No. 98-6140, 1999 WL 623350, at *3 (6th Cir. Aug. 9, 1999) (citing *Bowen v. Holtz*, 763 F.2d. 191, 194 (6th Cir. 1985)).

In order to prevail on his ineffective assistance of counsel claims, Petitioner must rebut the presumption that his attorneys' representation was reasonable. Specifically, he must prove that his attorneys' representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.

As thoroughly and accurately discussed by the Government, Petitioner has failed to present evidence to support his claims that counsel was ineffective and that he suffered prejudice as a result of the performance of counsel. Petitioner submits numerous alleged deficiencies of counsel, yet each alleged deficiency is without merit or contradicted by the record. The record in this case shows active and appropriate representation by counsel and there is no evidence that any of the alleged actions or inactions of counsel would have resulted in a different outcome in this case. While Petitioner makes several arguments regarding deficiencies in the performance of counsel, the Court has conducted a careful and thorough review of the record and the materials submitted by the Parties and finds no basis for his claims. Accordingly, Petitioner's Part B of his First Claim for Relief and his Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Claims for Relief are without merit.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists could

debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #148 in Case No. 1:06 CR 416) is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: June 22, 2011