IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LESEAN ROBERTS, ) | CASE NO. 1:06 CR 416 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| UNITED STATES OF AMERICA, ) | **OPINION AND ORDER** |
| ) | |
| Respondent. ) | |

On June 22, 2011, the Court issued a nine-page opinion (Document #172) denying Petitioner LeSean Roberts' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Furthermore, this Court certified that an appeal from that decision could not be taken in good faith, and that there was no basis upon which to issue a certificate of appealability under 28 U.S.C. § 2253(c).

On July 20, 2011, the Court received from Petitioner a Motion to Reconsider, Alter, or Amend the Memorandum Opinion and Judgement [sic] dated June 22, 2011 denying Petitioners [sic] Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 and the denial of a C.O.A. (Dkt. 148, 172), pursuant to Fed.Ru.Civ.P. [sic] 59(e) (the "Motion to Reconsider"). (Document #174.) Petitioner filed an Exhibit 7 to the Motion as a separate document.

(Document #175.)

While a motion for reconsideration is not mentioned in the Federal Rules of Criminal or Civil procedure, it serves a legitimate and valuable role in certain situations. *See Nat'l Union Fire Ins. Co. v. Continental Illinois Corp.*, 116 F.R.D. 252, 253 (N.D. Ill. 1987) (citing *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)). Courts presented with motions for reconsideration in criminal cases typically evaluate those motions under the same standards applicable to a civil motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *United States v. Holtzhauer*, 2006 WL 1582444 at *1 (S.D. Ohio June 8, 2006).

A motion to alter or amend judgment is an extraordinary remedy that courts grant sparingly in the interests of repose and conservation of scarce judicial resources. *Id.* There are three major situations which justify a court reconsidering one of its orders: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Kern-Tulare Water Dist. v. Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part, rev'd in part*, 828 F.2d 514 (9th Cir. 1987), *cert denied*, 486 U.S. 1015 (1988). However, the motion for reconsideration must demonstrate to the court why it should reconsider its decision and set forth strongly convincing facts or law which would induce it to reverse its prior decision. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Motions for reconsideration are not substitutes for appeal, nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings. *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991) (citing *Brambles U.S.A., Inc. v. Blocker*, 735 F. Supp. 1239 (D. Del. 1990)). A reconsideration motion is not an opportunity to re-litigate previously decided matters or

present the case under new theories. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

In this case, Petitioner has presented no reason for this Court to reconsider its previous ruling. Petitioner's arguments in the Motion to Reconsider fail to cite any intervening change in the law, or the availability of material new evidence. Rather, Petitioner attempts to support his claims of error and manifest injustice with a motley assortment of arguments that either were previously considered by this Court and rejected (such as Petitioner's various ineffective assistance of counsel claims), or that could have been raised in prior proceedings or in the Petitioner's earlier-filed Motion to Vacate, Set Aside, or Correct Sentence. Thus, there are no grounds for the Court to alter or amend its June 22, 2011 Order.

Further, Petitioner has failed to demonstrate entitlement to a Certificate of Appealability. No reasonable jurist would find the Court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), requires a habeas petitioner to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'")

For all of the foregoing reasons, the instant Motion to Reconsider is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 21, 2011