UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:06 CR 416 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| LESEAN ROBERTS, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

This matter comes before the Court upon Defendant, LeSean Roberts' *pro se* Motion for Reduction in Sentence and Retroactive Application of the Fair Sentencing Act of 2010 Pursuant to Section 404 of the First Step Act of 2018. (ECF # 205, 206). The government filed a Response in Opposition to the motion. (ECF # 207). After the government filed its response, the Federal Public Defender took on representation of Mr. Roberts and filed a Reply and a Supplement to Reply on his behalf. (ECF #208, 209).

In March of 2007, Defendant, LeSean Roberts was convicted by a jury of one count of distributing 50 grams of cocaine base (crack) in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(iii), and 18 U.S.C. §2; and, one count of possessing with intent to distribute approximately 20 grams of cocaine base (crack), and approximately 196 grams of cocaine hydrochloride (powder cocaine) in violation of 21 U.S.C. §841(a)(1), (b)(1)(B)(iii). (ECF #82). Because of Mr. Roberts' prior criminal conduct, Count One was subject to a mandatory minimum sentence of life in prison.

Count Two had a statutory penalty of ten years to life. 21 U.S.C. §841 (b)(1)(A) & 851 (2006). The Court sentenced Mr. Roberts to life imprisonment on Count One and to ten years on Count Two, to run concurrently, with a ten year term of supervised release to follow.

In October of 2016, Mr. Roberts received an executive grant of clemency, lowering his sentence to a term of 240 months imprisonment. The commutation left intact the ten year term of supervised release, along with all other conditions and components imposed by the Court. (ECF #200). Mr. Roberts has served approximately 150 months of his sentence.

On December 20, 2018, Congress passed the First Step Act of 2018. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the defendant. . . impose a reduced sentence as if sections two and three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. However, no court shall entertain a motion made under section 404 if the sentence was previously imposed or reduced in accordance with sections two and three of the Fair Sentencing Act, or if prior request made under this section was denied after a complete review on the merits. Reductions are not mandatory, but are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018.

Both parties agree that if the Fair Sentencing Act had been in place at the time of Mr. Roberts' original sentencing, the mandatory minimum sentence for Count One would have been reduced from life imprisonment to ten years. For Count Two there is no longer a mandatory minumum, but the sentence may be up to 30 years. Both Counts would require a term of supervised release of at least 8 years. 21 U.S.C. §841(b) (2010). These ranges take into account enhancements for prior felony drug convictions, which would have applied in Mr. Roberts' case.

The parties also do not dispute that Mr. Roberts' original sentence was imposed for a covered offense, was not previously imposed or reduced in accordance with the Fair Sentencing Act, and no prior request for reduction under the First Step Act have been reviewed on the merits. The government argues, however, that Mr. Roberts is not entitled to review under the First Step Act because he previously received a commutation of sentence. The government relies on a single Fourth Circuit case for its position that the commutation created a new sentence which replaced the Court's sentence for a covered offense and consequently Mr. Roberts is "no longer serving a sentence for an offense for which the statutory penalties were modified by the Fair Sentencing Act." (ECF #207 at 4).

As set forth in this Court's denial of Mr. Roberts second Motion to Vacate under 29 U.S.C. §2255, the commutation of Mr. Roberts' sentence "does not overturn [or invalidate] the sentence imposed by the sentencing court. It simply mitigates or sets aside punishment." *United States v. Buenrostro*, 895 F.3d 1160, 1164-66 (9th Cir. 2018). (ECF #204). For the same reasons that this court was unable to review Mr. Robert's successive §2255 motion, it, in fact, can review his current sentence for retroactive application of the Fair Sentencing Act's provisions under the First Step Act. His sentence, though commuted in length, is still a sentence imposed by this court for a covered offense. The First Step Act does not explicitly or implicitly except commuted sentences from reconsideration. The plain language permits a court that imposed a sentence for a covered act to impose a reduced sentence under certain circumstances. This court imposed a sentence on Mr. Roberts for a covered act, and under the plain language of the statute may, therefore, consider imposition of a reduced sentence. The fact that the First Step Act applies, however, does not mean that a further sentence reduction is warranted.

Mr. Roberts commuted sentence is the same sentence that this Court would have found fair under a First Step analysis. This sentence is justified by a variety of considerations previously disclosed at trial and discussed at Mr. Roberts' original sentencing, including the nature of the crime, Mr. Roberts' prior drug convictions, the need to protect the public, and the amount of drugs involved in this case. The new drug tables continue to provide a mandatory life imprisonment for distribution of 280 grams or more of crack cocaine. The ten year mandatory minimum applies to offenses involving amounts as low as 28 grams, when the offender has a prior felony drug conviction. Mr. Roberts had two prior drug felonies and the testimony at trial indicated that he was involved in the sale of 125 to 126 grams of crack cocaine in connection with Count One. (ECF #102 at 5). Further, as admitted by the Defendant in his sentencing memorandum, his total combined amount between Counts One and Two was approximately 327 grams (combining cocaine and cocaine base). (ECF #80). Therefore, no further reduction is warranted, and Mr. Roberts' Motion for Reduction of Sentence is denied. (ECF #205).

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: March 22, 2019

4