UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:06 CR 416 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| LESEAN ROBERTS, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, LeSean Roberts' second Motion to Reduce Sentence Under the First Step Act. (ECF # 221). The government filed a Response indicating that it does not oppose a sentence reduction under the specific circumstances of this case, and Mr. Roberts filed a Reply. (ECF # 23, 232).

In March of 2007, Defendant, LeSean Roberts was convicted by a jury of one count of distributing 50 grams of cocaine base (crack) in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(iii), and 18 U.S.C. §2; and, one count of possessing with intent to distribute approximately 20 grams of cocaine base (crack), and approximately 196 grams of cocaine hydrochloride (powder cocaine) in violation of 21 U.S.C. §841(a)(1), (b)(1)(B)(iii). (ECF #82). The Court sentenced Mr. Roberts to the statutory mandatory minimum of life imprisonment on Count One and to ten years on Count Two, to run concurrently, with a ten year term of supervised release to follow. The conviction and sentence were affirmed on appeal. (ECF #102, 103). His petition for a writ of

certioari to the United States Supreme Court was denied. (ECF #115). Mr. Roberts subsequently filed a Motion for New Trial and a Motion to Vacate under 28 U.S.C. §2255, both of which were denied. (ECF #139, 172). The Sixth Circuit affirmed the denial of the Motion for New Trial, and declined a certificate of appealability on the Motion to Vacate. (ECF #179, 180, 189 ). In both his original appeal, and its decision denying a certificate of appealablity, the Sixth Circuit noted that Mr. Roberts was subject to a mandatory life sentence and, therefore, his other challenges the length of his sentence, even if valid, would have constituted harmless error.

In October of 2016, Mr. Roberts received an executive grant of clemency, lowering his sentence to a term of 240 months imprisonment. The commutation left intact the ten year term of supervised release, along with all other conditions imposed by the Court. (ECF #200). Mr. Roberts has served approximately 180 months of his sentence.

On December 20, 2018, Congress passed the First Step Act of 2018. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the defendant. . . impose a reduced sentence as if sections two and three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. However, no court shall entertain a motion made under section 404 if the sentence was previously imposed or reduced in accordance with sections two and three of the Fair Sentencing Act, or if prior request made under this section was denied after a complete review on the merits. Reductions are not mandatory, but are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018.

Mr. Roberts previously filed for relief under the First Step Act, and the Court denied the motion on the merits finding that, although a reduction was warranted, Mr. Roberts' commuted

2

sentence was the same sentence that this Court would have found fair under a First Step analysis. The Court, operating under the current Sixth Circuit guidance, did not conduct a plenary re-sentencing and therefore, did not consider Mr. Roberts' additional arguments relating to his career criminal status. The decision was upheld on appeal. *See, United States v. Roberts*, Appeal No. 19-3282, Doc. 12-1, Page 4. Since that time, the Sixth Circuit has clarified that when determining a new sentence in connection with a section 404 reduction, district courts should consider the section 3553(a) factors, and may consider post-sentencing rehabilitation, and subsequent, intervening legal developments that would affect a defendant's Guideline calculation if the defendant were being sentenced today. *United States v. Maxwell*, 991 F.3d 685, 691-93 (6th Cir. 2021), petition for cert. pending

Generally a second review is prohibited under section 404(c), however the government can waive and has waived any objection to the 404(c) preclusion. *See, United States v. Hart*, 983 F.3d 638, 641-43 (3d Cir. 2020)( explaining 404(c) is not jurisdictional and can be waived by the government). Both parties are now asking that this Court reconsider a reduction in Mr. Roberts' sentence based on *Maxwell* and other changes to the career offender guidelines.

The parties agree that Mr. Roberts is eligible for a reduction under section 404 of the First Step Act because his sentence on Count One would have been lower if section 2 of the Fair Sentencing Act of 2010 were in effect at the time his offenses were committed. Section 2 increase the threshold quantities of crack cocaine required for mandatory life imprisonment. The Court must, therefore, calculate the new statutory penalties and Guideline range by applying the law as it existed at the time the defendant committed the offense, amended only by the changes to the quantity thresholds set forth in the First Step Act. *Maxwell*, 991 F.3d at 689.

3

Applying these threshold quantity changes, Mr. Roberts' applicable statutory penalty would have been determined under section 841(b)(1)(B).

Although Mr. Roberts was designated as a Career Offender at his original sentencing, that designation had no effect on his sentence because he was subject to a mandatory minimum life sentence under 21 U.S.C. §841(a)(1), (b)(1)(A)(iii), and 851. On re-sentencing, the Court is allowed to re-visit that designation. Under *United States v. Montanez*, 442 F.3d 485, 492-94 (6th Cir. 2006), Mr. Roberts' 1993 conviction under Ohio Revised Code §2925.03(A)(4) for "possessing" cocaine "in an amount equal to or exceeding the bulk but in an amount less than three times that amount," should not be counted as a predicate offense because its elements did not require proof of distribution. Without that predicate offense, Mr. Roberts would not have qualified as a career offender. Based on the drug weights supported by the record (125-126 grams of cocaine and 201 grams of powder cocaine), Mr. Roberts would be a level 26 with a criminal history of VI; and, his advisory Guideline range would have been 120 to 150 months

Once the applicable guideline range is established, the Court must decide whether the factors under 28 U.S.C. §3553(a), support a reduction under section 404. During this analysis, the Court is permitted to consider intervening developments in the law, new precedent, and post-sentencing conduct. *Maxwell* at 691-92. Taking into account all of the factors considered at his original sentencing; his record of good behavior and rehabilitation efforts while in prison; the community support he will have if released; the government's lack of opposition to a reduction; and, the fact that he has served approximately 30 months over the guideline range applicable after application of the First Step Act's changes, the Court hereby finds that the 3553 factors support a finding that Mr. Roberts' sentence should be conditionally reduced to time served, with

4

eight years of supervised release to follow.

Defendant's Motion to Reduce his Sentence Under the First Step Act is granted subject to the following conditions. (ECF #221). Mr. Roberts is to remain in the custody of the Bureau of Prisons until an appropriate release plan can be developed and approved. The parties are directed to confer with the United States Probation Office to determine an appropriate release plan and to submit such plan to this Court no later than ten days from the date of this Order. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: September 17, 2021